UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| WILLIAM HUBBARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:20-cv-00227-JPH-DLP |
| ) | |
| WEXFORD OF INDIANA, LLC., et al. ) | |
| ) | |
| Defendants. ) | |

**ORDER SCREENING THE COMPLAINT,
DISMISSING DEFICIENT CLAIM,
AND DIRECTING SERVICE OF PROCESS**

Plaintiff William Hubbard, an inmate at Wabash Valley Correctional Facility, brings this action pursuant to 42 U.S.C. 1983, alleging deliberate indifference to his serious medical needs. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen the amended complaint before service on the defendants.

**I.
SCREENING STANDARD**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

1

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). *Pro se* complaints such as that filed by the plaintiff are construed liberally and held to "a less stringent standard than pleadings drafted by lawyers." *Cesal*, 851 F.3d at 720.

## II.
## THE COMPLAINT

The complaint names defendants Wexford of Indiana, LLC ("Wexford"), Michael Mitcheff, and Kim Hobson. Mr. Mitcheff and Ms. Hobson are named in their individual and official capacities. Mr. Hubbard is seeking compensatory and punitive damages.

Mr. Hubbard suffers from retinal edema, neovascularization, and retinal detachment, for which he receives monthly injections of Avastin from an offsite ophthalmologist. Liberally construed, the complaint alleges that in November 2019 and January 2020, Mr. Mitcheff and Ms. Hobson conspired to prevent Mr. Hubbard from receiving these injections in order to spare Wexford the expense of treatment. These monthly injections were denied over the objection of the offsite ophthalmologist. A black ring developed in Mr. Hubbard's eye after he was denied his injections in November 2019 and has not gone away.

## III.
## DISCUSSION

Mr. Hubbard's deliberate indifference claims **shall proceed** against Mr. Mitcheff and Ms. Hobson in their individual capacities.

Mr. Hubbard's claim against Wexford, and his claims against Ms. Hobson and Mr. Mitcheff in their official capacities, are **dismissed**. To be liable under § 1983, private corporations acting under color of state law must have an express policy or custom that caused a constitutional deprivation. *Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 766 n.6 (7th Cir. 2002); *Estate of Moreland v. Dieter*, 395 F.3d 747, 758-59 (7th Cir. 2004); *see also Sow v. Fortville Police Dept.*,

2

636 F.3d 293, 300 (7th Cir. 2011) (suing an individual in his official capacity "is another way of pleading an action against an entity of which the officer is an agent."). The complaint does not allege that Wexford maintains a policy or custom that caused Mr. Hubbard to suffer a constitutional deprivation. Although the complaint references a Wexford policy about disputes between onsite and offsite medical personnel, the complaint also alleges that this policy was not followed with respect to Mr. Hubbard.

This summary includes all viable claims identified by the Court. All other claims are **dismissed**. If the plaintiff believes that the complaint sets forth additional claims not identified by the Court, he shall have **through October 5, 2020**, to identify those claims.

## IV.
## SUMMARY AND SERVICE OF PROCESS

Mr. Hubbard's deliberate indifference claims **shall proceed** against Michael Mitcheff and Kim Hobson. All other claims are dismissed.

The **clerk is directed** to terminate Wexford of Indiana, LLC, as a defendant on the docket.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Michael Mitcheff and Kim Hobson in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. [2], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of service of Summons), and this Entry.

**SO ORDERED**.

Date: 9/14/2020

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

3

Distribution:

WILLIAM HUBBARD
945818
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

MICHAEL MITCHEFF
Medical Staff
WABASH VALLEY – CF
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

KIM HOBSON
Medical Staff
WABASH VALLEY – CF
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838