UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| WILLIAM HUBBARD,       )<br>                        )<br>        Plaintiff,   )<br>                        )<br>    v.                  )   No. 2:20-cv-00227-JPH-MG<br>                        )<br>MICHAEL MITCHEFF, et al.)<br>                        )<br>        Defendants.     ) | |

**ORDER GRANTING PAUPER STATUS ON APPEAL**

William Hubbard is an Indiana prisoner. He brought this lawsuit alleging deliberate indifference to a serious medical need. The Court granted summary judgment for the defendants, and Mr. Hubbard filed a notice of appeal and a motion to proceed on appeal *in forma pauperis*. For the reasons explained below, Mr. Hubbard's motion to proceed on appeal *in forma pauperis* is **GRANTED**.

**I. Legal Standard**

An appeal may not be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915; *see Thomas v. Zatecky*, 712 F.3d 1004, 1006 (7th Cir. 2013). "Good faith" within the meaning of § 1915 must be judged by an objective, not a subjective, standard. *See id.*

**II. Background**

Mr. Hubbard has retinal edema in both eyes, neovascularization in his right eye, and retinal detachment in his left eye. Dkt. 47-1, para. 5. As part of his treatment for these conditions, he receives monthly injections of Avastin from an offsite ophthalmologist. *Id.* According to the ophthalmologist, Mr. Hubbard

must receive regular monthly injections to prevent permanent retinal damage. Dkt. 52-1, pp. 33, 67.

Between August 2018 and August 2021, Mr. Hubbard missed three monthly Avastin injections. These missed injections occurred in November 2019, January 2020, and August 2021. Dkt. 47-3, pp. 2, 13; dkt. 52-1, pp. 7-8, para. 13.

In this lawsuit, Mr. Hubbard claimed that Dr. Michael Mitcheff and Nurse Kim Hobson caused him to miss these monthly injections and, in doing so, were deliberately indifferent to his serious medical need. Dkt. 2.

In the order granting summary judgment, the Court found there was no evidence that Nurse Hobson had caused Mr. Hubbard to miss these injections. She was not authorized to approve or deny offsite medical treatment, and there was no evidence that she had engaged in a conspiracy with Dr. Mitcheff to deprive Mr. Hubbard access to his offsite ophthalmologist. Dkt. 57, pp. 11-12.

The Court also found there was no evidence that Dr. Mitcheff was deliberately indifferent. *Id.* at 7-11. In November 2019, Dr. Mitcheff approved Mr. Hubbard's offsite care, but for reasons that were not clear from the record, Mr. Hubbard did not receive his Avastin injections. *Id.* at 7-8. Mr. Hubbard missed his monthly injections in July 2021, but there was no evidence that Dr. Mitcheff caused this lapse in treatment. *Id.* at 8. To the contrary, the uncontradicted evidence showed that these missed injections resulted from the prison's transition to a new corporate medical provider. *Id.*

The only missed injections that Dr. Mitcheff was responsible for occurred in January 2020. *Id.* at 8. Dr. Mitcheff had requested information about Mr. Hubbard's ongoing retinal treatment before approving these injections and did not approve the injections in time for Mr. Hubbard's January 2020 appointment. *Id.* at 8-9.

Mr. Hubbard argued that Dr. Mitcheff was deliberately indifferent for overruling the treatment decisions of an ophthalmology specialist. Dkt. 52, p. 22. The Court distinguished the evidence in the record from Seventh Circuit cases where prison doctors expressly violated instructions from a medical specialist and delayed medical treatment for months without a legitimate medical reason. *Id.* at 9-10 (citing *Jones v. Simek*, 193 F.3d 485 (7th Cir. 1999); *Gil v. Reed*, 381 F.3d 649 (7th Cir. 2013). The Court reasoned that Dr. Mitcheff had a legitimate reason for delaying approval of these injections and that his otherwise consistent approvals of Mr. Hubbard's offsite medical care for three years precluded a reasonable finding of deliberate indifference. *Id.* at 10-11.

### III. Discussion

Prison physician Dr. Michael Mitcheff delayed Mr. Hubbard's necessary medical care from an offsite opthamologist. It is well established that a general practitioner may be deliberately indifferent to a prisoner's serious medical need by failing to follow the recommendations of an offsite specialist. *E.g.*, *Jones*, 193 F.3d at 490-97; *Gil*, 381 F.3d at 663-64.

In this case, the Court distinguished *Jones* and *Gil* from the evidence in the record and granted summary judgment for Dr. Mitcheff. On appeal,

3

Mr. Hubbard could raise a good faith argument challenging the Court's legal conclusion on this issue. Accordingly, Mr. Hubbard's motion to proceed on appeal *in forma pauperis*, dkt. [64], is **GRANTED**.

**SO ORDERED**.

Date: 4/18/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

WILLIAM HUBBARD
945818
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Douglass R. Bitner
KATZ  KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

Sarah Jean Shores-Scisney
KATZ  KORIN CUNNINGHAM, P.C.
sshores@kkclegal.com